# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE THOMAS Y DE LA GANDARA a/k/a FELIPE THOMAS Y DE LA GANDARA, 5TH MARQUES DE IVANREY.;<br><br>*Plaintiff*,<br><br>v.<br><br>MARCO ANTONIO SORIANO;<br><br>*Defendants*. | CASE NO.: 2:25-CV-02242-FB-JMV |

## MOTION TO DISMISS

Defendant, MARCO ANTONIO SORIANO ("Mr. Soriano"), by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(6), moves to dismiss Plaintiff, FELIPE THOMAS Y DE LA GANDARA a/k/a FELIPE THOMAS Y DE LA GANDARA, 5TH MARQUES DE IVANREY's ("Gandara"), Complaint, **ECF 1,** dated April 23, 2025, and states:

### Introduction

Plaintiff attempts to state causes of action pursuant to the Lanham Act Section 43, but fails to meet one crucial element – *commercial* injury. Plaintiff has focused on his alleged nobility titles and those of his family, yet failed to plead any allegations that Plaintiff either (1) competes in a relevant market, (2) has a competing trademark, and/or (3) any loss of sales. Plaintiff's failure is fatal to Count I and Count II brought pursuant to the Lanham Act. Further, Plaintiff lacks standing to pursue its common law claim for unfair competition and New York law claims for use of name with intent to deceive and violation of privacy because Plaintiff (1) is not the injured party and (2)



201 Alhambra Circle, Suite 1060, Coral Gables, FL 33134 • Tel: 305-444-3114 • service@b2b.legal

has failed to demonstrate the use of the same or substantially similar name in commerce. Therefore, this Court should dismiss the Complaint in its entirety with prejudice.

## MEMORANDUM

a. **Legal Standard**

To survive a motion under Rule 12(b)(6), a plaintiff must plead more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Fossil Grp., Inc. v. Angel Seller LLC*, 627 F. Supp. 3d 180, 198 (E.D.N.Y. 2022).

Courts should discard "conclusory statements" and "legal conclusions couched as . . . factual allegations" because the statements and conclusions are not entitled to the assumption of the truth. *May v. Levy*, No. 21 CV 3586 (KAM)(LB), 2022 U.S. Dist. LEXIS 86516, at *10 (E.D.N.Y. May 12, 2022); *See also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court then must accept "well-pleaded facts as true." *Id*. That is, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 555. Neither "conclusory allegations," "legal conclusions," nor "unwarranted deductions of fact" are sufficient to overcome a motion to dismiss. *Id*.

b. **This Court should dismiss the Complaint because the Plaintiff does not have standing.**

"For there to be a case or controversy under Article III, the plaintiff must have a **personal stake** in the case – in other words, standing" (emphasis added). *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022). "The party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing." *Id*.

Plaintiff's entire complaint is predicated on allegations that Mr. Soriano has made statements regarding Mr. Soriano's relationship to either (1) Fernando Soriano or (2) Ricardo

Soriano von Scholtz und Hermensdorff. **ECF 1.** At no point does Gandara allege that Mr. Soriano is *impersonating him*. As such, it is unclear what standing, if any, Gandara has to bring the Complaint and all claims therein.

Further, Plaintiff alleges that the Defendant is conducting business under the name "The Soriano Family Office Group" or "Soriano Group." **ECF ¶¶ 4, 20, 23.** At no point does Plaintiff allege that he uses either "The Soriano Family Office Group" or "Soriano Group" in his business or during his life. *See* **ECF 1.** As such, Plaintiff has no standing to bring the claims alleged in its Complaint.

Ultimately, the Plaintiff has failed to sufficiently allege the standing, if any, that is has to bring the claims that it alleges. As such, this Court should dismiss the Complaint.

**c. The Complaint is fully predicated upon conclusory allegations that Plaintiff holds a Spanish nobility title without adequate support.**

The entirety of the Complaint is predicated upon Plaintiff's allegation about his familial lineage and the legal consequences tied to that lineage and alleged title. **ECF 1 ¶¶ 2, 12, 13.** However, Plaintiff has failed to substantiate its alleged familial history or nobility with exhibits in the Complaint. Because the alleged nobility title and familial ties is the basis for all causes of action and create legal conclusions, the allegations are legal conclusions which need not be taken true for the purpose of this motion to dismiss. *See Iqbal*, 556 U.S. at 681.

It is important to note, Plaintiff's entire Complaint discusses damages to his family, however, the Complaint is only brought by one Plaintiff. A party cannot bring a lawsuit on behalf of his entire family unless appropriately designated as a representative. Here, Plaintiff has not filed the Complaint as a representative, nor has Plaintiff alleged or provided evidence of representation of the entire family/group.

Therefore, this Court should disregard Plaintiff's unsupported allegations and require support to ensure that Plaintiff is who Plaintiff says he is and the right if any, Plaintiff has to speak on behalf of his family.

### d. This Court should dismiss Count I and Count II because Plaintiff has not alleged standing pursuant to the Lanham Act.

The Lanham Act requires a plaintiff to have a commercial or competitive injury and plead a loss of sales. *See Krasnyi Oktyabr, Inc. v. Trilini Imps.*, Civil Action No. CV-05-5359, 2007 U.S. Dist. LEXIS 23733, at *16 (E.D.N.Y. Mar. 29, 2007

Although Section 43(a) of the Lanham act is often construed broader than other sections, Section 43(a) still only permits a person to bring a claim if that person would be damaged by the "proscribed conduct to bring a civil suit." *See Id*. "A plaintiff who can demonstrate that it has the potential for a **commercial or competitive injury** or, in other words, that the false designation of defendant's product is likely to cause plaintiff to suffer a loss **in sales**, has standing to bring a suit for injunctive relief." *Id*. The Second Circuit has "limited standing to assert a section 43 claim to a 'purely commercial class' of plaintiffs." *Berni v. Int'l Gourmet Rests. of Am., Inc.*, 838 F.2d 642, 648 (2d Cir. 1988). "At minimum, standing to bring a section 43 claim requires the potential for a commercial or competitive injury." *Id*.

In *Berni*, the plaintiff filed a cause of action for unfair competition and trademark infringement predicated upon plaintiff's alleged ownership of the registration of a trademark from their predecessors-in-interest and now sought to enforce their alleged rights. *Id*. at 644. The Second District found that the plaintiff had (1) no ownership interest in the mark, (2) failed to present a commercial interest because the Plaintiff does not offer goods or services, nor are they considering

establishing a commercial venture. *Id*. at 648. For these reasons, the Second District concluded that the plaintiff was "without standing to assert a claim for present injury under section 43." *Id*.

Here, the Plaintiff has not made any allegations that it operates a commercial business, sells similar products that would create confusion, has a *registered* trademark that is being infringed upon, or has some exclusive license or right to the name currently being used by Defendant. *See* **ECF 1**. Instead Plaintiff has merely focused on his alleged possession of a Spanish nobility title and familial lineage – without any supporting documentation. **ECF ¶¶ 1,2**. The allegation itself is conclusory and should not be deemed true without support as to the legal conclusions that these allegations create. Plaintiff has made no allegations that it is within the commercial sphere. *See* **ECF 1.** As such, the Plaintiff has failed to satisfy the pleadings standard and cannot state a claim under the Lanham Act.

Additionally, because Plaintiff's claim under the Lanham Act Section 43 fails, Plaintiff's claim for cancellation of the trademark – Count II – must also fail as the cancellation of a trademark can only be sought if a cognizable Lanham Act claim exists. *See* 15 U.S. Code § 1119 ("In any action involving a registered mark the court may determine the right to registration, order the cancelation of registration . . .").

Further, Count I fails to state a cause of action because the Plaintiff has failed to state damages, *i.e.* loss of sales or goodwill, as described above. Because Plaintiff has failed to allege any commercial activity or loss of sales and as such, this Court should dismiss the Count I.

Further, Count II fails to state a cause of action. Plaintiff again focuses on familial history, instead of the facts to substantiate its argument. Plaintiff alleged Defendant's trademark – a symbol –

[symbol image]

, is invalid. **ECF 51.** At no point does Plaintiff make any allegation that the symbol is used by himself, his alleged family, or any other third party other than the Defendant.

Additionally, the Plaintiff has failed to make any claim to the mark. *See* **ECF 1**. The Plaintiff never alleges that he uses the mark, that the mark is associated with his family, or any other allegation to link the trademarked mark to Plaintiff. As such, Plaintiff has no standing to bring suit as to the trademark and Count II should be dismissed.

e.  **This Court should dismiss Count III.**

"The elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims." *Shakuff LLC v. Shakuff Custom Glass Lighting Inc.*, No. 23-CV-123-EK-JRC, 2025 U.S. Dist. LEXIS 41886, at *17 (E.D.N.Y. Mar. 7, 2025). Often, when a court finds that allegations are sufficient to establish a claim under the Lanham Act, the allegations are suffice to establish claims under common law. *Artemis Mktg. Corp. v. Rooms 2 Go Furniture, Inc.*, No. 09-CV-2413, 2009 U.S. Dist. LEXIS 93116 (E.D.N.Y. Oct. 6, 2009). "The essence of unfair competition under New York common law is the bad faith misappropriation of the labors and expenditures of another." *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 548 (S.D.N.Y. 2011).

Further, "unfair competition is a form of **unlawful business injury**." *Ronson Art Metal Works, Inc. v. Gibson Lighter Mfg. Co.*, 3 A.D.2d 227, 230-31 (1957).

As noted previously, plaintiff cannot state a cause of action under the Lanham Act. For similar reasons, plaintiff's common law claims also fail. *Cardinal Motors, Inc. v. H&H Sports Prot. USA, Inc.*, No. 1:20-cv-07899-PAC, 2021 U.S. Dist. LEXIS 85335, at *12 (S.D.N.Y. May 4, 2021) (finding that when a plaintiff "failed to allege its Lanham Act claim, plaintiff's claim for unfair competition under New York common law necessarily fails").

Importantly, Plaintiff has not alleged that it has any involvement in commercial business with which Defendant could compete with. As such, it is impossible for Plaintiff to state a cause of action for unfair competition.

Further, plaintiff cannot state a viable claim for unfair competition under New York statutory law, because Section 349 is "aimed at consumer protection." *See Id*.

## f. This Court should dismiss Count IV because Defendant does not have standing and has failed to allege a cause of action.

"To establish a claim under § 133, a plaintiff must show that the defendant used the plaintiff's name or symbol as part of the defendant's trade name for purposes of advertising with an intent to deceive." *Buffalo Transp., Inc. v. Freezer Bezu*, No. 16-CV-1032, 2019 U.S. Dist. LEXIS 47929, at *12 (W.D.N.Y. Mar. 22, 2019).

Count IV relies on the use of the name "Soriano Family Office Group" as the premise for its claim. **ECF 1 ¶ 65.** However, Plaintiff has never alleged that he uses the name "Soriano Family Office Group" or any corresponding symbol. Importantly, Plaintiff seeks the stoppage of the use of the name "Soriano," a name that is not even part of Plaintiff's name. Plaintiff does not have

unequivocal control over the name "Soriano" as there are numerous other individuals with the name Soriano and Plaintiff cannot have a monopoly on the name alone.

As such, Plaintiff lacks standing to bring the claim and has failed to sufficiently allege a cause of action.

**g. This Court should dismiss Count V because Defendant does not have standing and has failed to allege a cause of action.**

Plaintiff does not have standing to bring a cause of action for violation of the right of privacy.

In *Bass*, the court found that the father of a minor child whose image was published in a newspaper did not have standing to sue on behalf of the minor. *Bass v. Straight Arrow Publishers, Inc.*, 59 A.D.2d 684, 685, 398 N.Y.S.2d 669, 670 (App. Div. 1977).

Here, Gandara has not alleged that Mr. Soriano is using Gandara's name or Gandara's image. Instead, Gandara focuses on his familial lineage and family members, not Gandara himself. As such, Gandara does not have standing to bring suit pursuant to New York Civil Rights § 50.

Second, a cause of action under New York Civil Rights § 50 must be commenced within one year. N.Y. C.P.L.R. § 215(3); *See Williams v. D'Youville Coll.*, No. 21-CV-1001-JLS-LGF, 2024 U.S. Dist. LEXIS 23979, at *39 (W.D.N.Y. Feb. 9, 2024). "A cause of action under § 51, accrues on the date the offending material is first published." *Id*.

Here, Plaintiff has failed to timely assert a claim under §§ 50 and 51. The Complaint alleges the existence of several articles which were published chronologically as follows: (1) June 8, 2020 **ECF 1 ¶ 26,** (2) June 10, 2020 **ECF 1 ¶** 29, (3) July 8, 2020 **ECF 1 ¶** 27, (4) November 9, 2020 **ECF 1 ¶** 33, (5) October 15, 2021 **ECF 1 ¶** 34, (6) December 11, 2021 **ECF 1 ¶** 28, (7) October 7, 2022 **ECF 1 ¶** 22, (8) June 1, 2023 **ECF 1 ¶** 31, (9) October 14, 2023 **ECF 1 ¶** 25, (10) February



10, 2024 **ECF 1** ¶ 30, and (11)April 5, 2024. **ECF 1** ¶ **32.** Even taking the last possible date as the date of accrual, Plaintiff did not file its Complaint until April 23, 2025, just over one year after the publishing of the latest article. As such, Count V is barred by the statute of limitations and should be dismissed with prejudice.

h. **This Court should dismiss Count VI because Defendant does not have standing and has failed to allege a cause of action.**

"When analyzing the issue of whether a plaintiff has standing to commence a private action pursuant to subsection 349(h), the Court of Appeals has confined its analysis to determining the nature of the alleged injury and whether it is sufficiently connected to the asserted unlawful conduct." *N. State Autobahn, Inc. v. Progressive Ins. Grp. Co.*, 102 A.D.3d 5, 16, (2d Dept 2012); *See* N.Y. Gen. Bus. Law § 349(h). A plaintiff must "please that they have suffered actual injury caused by a materially misleading or deceptive act or practice." *Autobahn*, 102 A.D.3d at 16.

Here, Plaintiff does not have standing to bring suit, nor has Plaintiff properly alleged a cause of action for deceptive acts. First, Plaintiff has not alleged that it performs any commercial business or that it was a consumer of Defendant. *See* **ECF 1**. As such, Plaintiff has not standing to bring suit. Further, Plaintiff has failed to allege an actual injury. Instead, Plaintiffs claim of injury is alleged "upon information and belief." **ECF 1 ¶ 73.** However, New York law strictly requires an actual injury, not the belief that good will be diminished. Further, New York law requires actual damages, not the diminishment of good will. As such, Plaintiff lacks standing and has failed to state a cause of action.

**WHEREFORE**, Defendant, MARCO ANTONIO SORIANO, respectfully requests that this Court dismiss Plaintiff, FELIPE THOMAS Y DE LA GANDARA a/k/a FELIPE THOMAS

Y DE LA GANDARA, 5TH MARQUES DE IVANREY's, Complaint and any other relief this Court deems just and proper.

DATED: May 15, 2025

        Respectfully submitted,

        **BARAKAT + BOSSA**
        2701 Ponce de Leon Blvd., Suite 202
        Coral Gables, Florida 33134
        Tel: (305) 444-3114
        Fax: (305) 444-3115
        Email: gbossa@b2b.legal
        service@b2b.legal

        By: */s/ Giacomo Bossa*
         **GIACOMO BOSSA, Esq.**
         Florida Bar No.: 97817

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 30, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served on all counsel of records via transmission of Notice of Electronic Filing generated by CM/ECF.

        By: */s/ Giacomo Bossa*
         **GIACOMO BOSSA, Esq.**
         Florida Bar No. 97817

