| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>FELIPE THOMAS Y DE LA GANDARA,<br>*5th Marques de Ivanrey also known as* FELIPE THOMAS Y DE LA GANDARA,<br><br>        *Plaintiff*,<br><br><br><br><br>      -against-<br><br>MARCO ANTONION SORIANO,<br><br>        *Defendant*.<br>------------------------------------------------------------X | FILED<br>CLERK<br><br>11/19/2025<br><br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE<br><br><br>**MEMORANDUM<br>AND ORDER**<br><br>25-CV-02242 (FB) (JMW) |

**A P P E A R A N C E S:**

    Airina L Rodrigues
    **Brownstein Hyatt Farber Schreck, LLP**
    675 15th Street, Suite 2900
    Denver, CO 80202

    Anne Elise Li
    **Brownstein Hyatt Farber Schreck, LLP**
    600 Massachusetts Ave. NW, Suite 400
    Washington, DC 20001
    *Attorneys for Plaintiff*

    **Giacomo Bossa**
    Barakat Bossa PLLC
    201 Alhambra Cir., Suite 1060
    Coral Gables, FL 33134
    *Attorney for Defendant*

**WICKS,** Magistrate Judge:

        Plaintiff Felipe Thomas y de la Gándara, 5th Marqués de Ivanrey ("Plaintiff") commenced

this action on April 23, 2025 for Defendant Marco Antonio Soriano's ("Defendant") for alleged

1

violations of false advertising and unfair competition under Section 43(a) of the Trademark Act of 1946 ("Lanham Act") 15 U.S.C. § 1125(a); cancellation of U.S. Trademark Registration No. 6,484,198; violations of New York Civil Rights Law §§ 50-51; deceptive acts and practices under New York General Business Law §§ 133, 349; false advertising under New York General Business Law § 350; and unfair competition under New York common law. (*See generally* ECF No. 1.) On referral from the Hon. Frederic Block is Plaintiff's motion to amend the Complaint which seeks to make the following changes to the Original Complaint: (i) articulate that the claim under Section 43(a) of the Lanham Act is for false endorsement and false advertising; (ii) add an unjust enrichment claim under New York common law; (iii) add a claim for violation of the right of publicity under the laws of Spain; and (iv) add additional factual allegations to support these claims. (ECF No. 14.) Defendant does not oppose this motion. For reasons that follow, Plaintiff's motion (ECF No. 14) is **GRANTED** as limited below.

## BACKGROUND

Plaintiff is an individual residing in Switzerland who holds a Spanish nobility title. (ECF No. 1 at ¶ 3.) He alleges that Defendant has been falsely presenting himself as part of Plaintiff's immediate or extended family. (*Id.* at ¶¶ 2, 15.) Specifically, Defendant used the surnames "Soriano" and "von Scholtz und Hermensdorff" together, presented himself as a direct descendant of the 1st and/or the 2nd Marqués de Ivanrey, called himself "Marco Antonio Soriano IV" (implying a fourth-generation descendant of the Ivanrey line), and asserted a connection to the Hohenlohe family through his alleged filiation through Plaintiff's great-grandfather. (*Id.* at ¶ 15.) Plaintiff further contends that Defendant has no license or permission to use Plaintiff's family name, and that Defendant does not hold any Spanish nobility title. (*Id.* at ¶¶ 18-19.)

Plaintiff claims that Defendant disseminated these false lineage statements through his

2

business marketing and media in relation to goods and services offered. (*Id.* at ¶¶ 4, 20.) As Plaintiff maintains, Defendant used these statements while marketing himself as the leader of "The Soriano Family Office Group" and promoting "Soriano Motori" all to sell electric motorcycles that are purportedly derived from the creations of Ricardo Soriano von Scholtz und Hermensdorff. (*Id.* at ¶¶ 3, 4.) Similarly, Defendant allegedly used these "false and misleading" statements while marketing "Soriano Motori" as "an Italian lifestyle brand" who sells electric motorcycles. (*Id.* at ¶ 4.) For instance, Defendant's social media posts include references to Plaintiff's great-grandfather and Plaintiff's great-great-grandfather, the motorcycles, cars, and/or boats that the 2nd Marqués de Ivanrey built or designed, and/or claim a false "legacy" in relation to the motorcycles, vehicles, and/or any other innovations that the 2nd Marqués de Ivanrey built or designed. (*Id.* at ¶ 20.) Defendant also falsely touts that the 1st and 2nd Marqués de Ivanrey created the Soriano Family Office Group which Plaintiff contends "neither of whom did." (*Id.*) Plaintiff alleges that Defendant's false statements are "deceptive to the public, harmful, and infringe upon Plaintiff's rights". (*Id.* at ¶ 5.) Plaintiff claims that by misleading consumers to believe that Defendant's goods and services are associated with him and his family, Defendant causes damages, harms his goodwill, and "creates a likelihood of confusion as to the source and affiliation of Defendant's goods and services." (*Id.* at ¶¶ 35-36.) According to Plaintiff, Defendant improperly seeks commercial gain from these false statements. (*Id.* at ¶ 37.)

      Plaintiff filed suit, alleging causes of action for unfair competition and false advertising under Section 43(a) of the Lanham Act caused by Defendant's alleged knowingly false statements about his lineage and product heritage in interstate commerce (*see id.* at ¶¶ 41-49). He seeks cancellation of Defendant's U.S. trademark registration (Reg. No. 6,484,198 covering the "S M & Design" mark) on the ground that it was procured by deception and fraud (*see id.* at

3

¶¶ 51-56); and for violations of New York law including unfair competition (*see id.* at ¶¶ 58-63), use of a name with intent to deceive in violation of New York Gen. Bus. L. § 133 (*see id.* at ¶¶ 65-66), violations of Plaintiff's right to privacy under New York Civ. Rights L. §§ 50-51 (*see id.* at ¶¶ 68-69), and deceptive acts and practices and false advertising in violation of New York Gen. Bus. L. §§ 349-350 (*see id.* at ¶¶ 71-73).

On October 23, 2025, Plaintiff filed the current motion to amend the Complaint. The proposed amended complaint seeks to: (i) articulate that the claim under Section 43(a) of the Lanham Act is for false endorsement and false advertising; (ii) add an unjust enrichment claim under New York common law; (iii) add a claim for violation of the right of publicity under the laws of Spain; and (iv) add additional factual allegations to support these claims. (ECF No. 14.) Defendant does not oppose the motion. (*See id.* at p. 1; *see also* ECF No. 14-1 at p. 1; *see also* ECF No. 14-4.) The Hon. Frederic Block referred the motion to the undersigned to decide. (Electronic Order dated October 23, 2025.)

## **DISCUSSION**

Motions to amend pleadings are governed by the Federal Rule of Civil Procedure 15(a). Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." Generally, "[u]nless there is a showing of bad faith, undue delay, futility or undue prejudice to the non-moving parties, the district court should grant leave to amend." *Adlife Mktg. & Commc'ns Co.*, *Inc. v. Best Yet Mkt., Inc.*, No. 17-CV-02987 (ADS) (ARL), 2018 WL 4568801, at *1 (E.D.N.Y. Sept. 24, 2018) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The party opposing the proposed amended pleading has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow*, No. 18-CV-01692 (ADS) (AKT), 2019 WL 3767536, at *4 (E.D.N.Y. Aug. 9, 2019). However, the burden to

4

explain the delay rests with the movant. *Pilkington N. Am., Inc. v. Misui Sumitomo Ins. Co. of Am.*, No. 18 Civ. 8152 (JFK), 2021 WL 4991422, at *5 (S.D.N.Y. Oct. 27, 2021). The moving party must attach the proposed amended complaint to the motion, as was done here, specifying the new claims and/or parties intended to be added. (*See* ECF No. 14-3 (indicating the proposed amendments in tracked changes)); *Ghaly v. Nissan Motor Acceptance Corp.*, No. 21-cv-01613 (JS) (JMW), 2021 WL 2550389, at *1 (E.D.N.Y. June 22, 2021). The Court must consider the Rule 15 factors, even though the motion is unopposed. *See, e.g., Ryan v. County of Nassau*, No. 21-CV-113 (RPK) (ARL), 2022 WL 21816755, at *4 (E.D.N.Y. Nov. 1, 2022) (applying Rule 15's factors to an unopposed motion to amend the complaint); *Turano v. Zucker*, No. 17-cv-3397 (ADS) (AKT), 2017 WL 11593734, at *2 (E.D.N.Y. Nov. 4, 2017) (same).

    i.    *Is There Undue Delay?*

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (emphasizing prejudice and bad faith over delay). Although mere delay is insufficient to deny a motion to amend, the moving party has the burden to "provide satisfactory explanation for the delay." *United States v. Inc. Village of Island Park*, No. CV-90-0992, 1995 WL 669936, at *1 (E.D.N.Y. Nov. 6, 1995). Ordinarily, where the moving party fails to provide a detailed explanation as to why the proposed amendments could not have been alleged previously, a court will assume there was undue delay. *Perez v. Escobar Construction, Inc.*, 342 F.R.D. 378, 381-82 (S.D.N.Y. Nov. 29, 2022).

Here, Plaintiff filed his initial Complaint on April 23, 2025. (ECF No. 1.) Much of the information Plaintiff now seeks to add centers around Defendant's false and misleading

representations made "at the expense of Plaintiff," some of which are as recent as August 18, 2025. (*See* ECF No. 14-3 at ¶¶ 38, 81-83.) Plaintiff filed his Proposed First Amended Complaint on October 23, 2025, nearly two months after these additional misrepresentations. Courts typically will find no undue delay exists where information underlying the proposed amendments was discovered after the filing of the initial complaint and the movant filed the motion to amend shortly thereafter. *See Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03 CIV. 10254 (JFK), 2006 WL 2786081, at *1 (S.D.N.Y. Sept. 26, 2006) (finding no undue delay because although defendant may have had necessary information to assert its claims at the time of the initial answer, it needed to continue its investigation to verify the basis for its counterclaims and sought to timely amend after). The lack of indicia of undue delay is further bolstered by the fact that Defendant has not opposed this motion, thus Defendant has not "shown that Plaintiff has unduly delayed by filing the Motion." *Menzel*, 2024 WL 4827403, at *1. Accordingly, no undue delay exists.

      *ii.*      <u>**Any Indicia of Bad Faith?**</u>

"While not much case law exists in this Circuit about what constitutes bad faith for the purposes of denying a motion for leave to amend a pleading, a finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." *Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388 (JFB) (SIL), 2017 WL 3841841, at *5 (E.D.N.Y. Aug. 4, 2017), *report and recommendation adopted*, 2017 WL 3842350 (E.D.N.Y. Aug. 31, 2017) (internal quotation marks omitted) (citation omitted). The burden is on the party opposing the amendment to establish bad faith. *Contrera v. Langer*, 314 F. Supp. 3d 562, 567 (S.D.N.Y. 2018) ("While the party seeking to amend its pleading must explain any delay, the party opposing the amendment 'bears the burden of showing prejudice, bad faith,

6

and futility of the amendment.'") (citations omitted). Plaintiff's motion appears to be motivated simply by the desire to more fully articulate and amplify the claims supported by emerging facts. There is not a scintilla of evidence of any dilatory motive or gamesmanship or bad faith. In addition, Defendant has not objected to the motion and therefore has not carried its burden in proving that bad faith exists. (*See* ECF No. 14-1.)

### iii. *Any Ensuing Prejudice?*

Prejudice to the nonmovant is an important factor when determining whether to grant a claimant's leave to amend and is often the "most frequent reason for denying leave to amend." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). When considering whether the opposing party may be prejudiced, courts consider whether the new claim would: "(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350; *see Alekperova v. Interfaith Med. Ctr.*, No. 04-CV-202, 2006 WL 8439666, at *4 (E.D.N.Y. Aug. 8, 2006) ("[P]rejudice must take the form of increasing the non-movant's costs, surprising the non-movant with new allegations or claims, or delaying or prolonging the trial."). "[T]he proper standard is one that balances the length of the delay against the resulting prejudice.... [T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citation omitted).

Where the motion to amend is not contested, prejudice is absent. *See Titus-Phillips v. British Airways PLC*, No. 20-CV-5100-EK-SJB, 2022 WL 1177306, at *4 (E.D.N.Y. Apr. 20, 2022) (collecting cases granting unopposed motions to amend because no prejudice would result); *Willton NC NY, LLC v. MH I Investment LLC*, No. 24-cv-5526 (AT) (JW), 2025 WL

7

20656019, at *2 (S.D.N.Y. July 23, 2025) (concluding no prejudice existed "[w]ithout opposition from Defendants"); *Peralta v. LA Morena Rest. Corp.*, No. 25 Civ. 3396 (VSB) (SLC), 2025 WL 2218829, at *1 (S.D.N.Y. Aug. 5, 2025) ("As an initial matter, Defendants did not respond to the Motion and, therefore, they have not shown that [plainitff] unduly delayed filing the Motion, acted in bad faith or with dilatory purposes, or caused Defendants prejudice.").

    *iv.*    <u>**Are the Proposed Amendments Futile?**</u>

An amendment is futile if the proposed claim could not withstand a motion to dismiss under Fed. R. Civ. P. § 12(b)(6). *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland PLC*, 783 F.3d 383, 389 (2d Cir. 2015). The party opposing the amendment bears the burden of proving futility. *FC Online Marketing, Inc. v. Burke's Martial Arts*, LLC, No. 14-CV-03685 (SJF) (SIL), 2016 WL 11481193, at *7 (E.D.N.Y. Sept. 30, 2016). As such, when a party objects to a motion to amend on futility grounds, "the moving party must merely show that it has at least colorable grounds for relief." *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608, 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (internal quotation marks omitted). Here, there is no objection to the proposed amendments. Notwithstanding, the court considers the futility of the proposed amended claims.

    A.    <u>*False Endorsement Under Section 43(a) of the Lanham Act*</u>

Plaintiff seeks to amend the Complaint, which asserts unfair competition and false advertising under Section 43(a) of the Lanham Act, to now assert claims for false endorsement and false advertising under Section 43(a). (*Compare* ECF No. 14-3 at pp. 16-19, *with* ECF No. 1 at pp. 12-14.) "A claim for false endorsement under section 43(a)(1)(A) must allege 'that the defendant, (1) in commerce, (2) made a false or misleading representation of fact (3) in connection with goods or services (4) that is likely to cause consumer confusion as to origin,

8

sponsorship, or approval of the goods or services.'" *Jackson v. Odenat*, 9 F. Supp. 3d 342, 354-55 (S.D.N.Y. 2014) (quoting *Burck v. Mars, Inc.,* 571 F.Supp.2d 446, 455 (S.D.N.Y. 2008)); *Beastie Boys v. Monster Energy Co.*, 66 F. Supp. 3d 424, 448 (S.D.N.Y. 2014) (reiterating the same factors for false endorsement under § 43(a)). "The likelihood of confusion inquiry turns on whether 'there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question.'" *Bondar v. LASplash Cosmetics*, No. 12 Civ. 1417 (SAS), 2012 WL 6150859, at *5 (S.D.N.Y. Dec. 11, 2012) (quoting *Pirone v. MacMillan, Inc.,* 894 F.2d 579, 584 (2d Cir. 1990) (quotation marks and citations omitted)).

Here, Plaintiff contends that Defendant made representations in commercial advertisements and promotional materials "to create an affiliation with Plaintiff and his family" for purposes "of inducing consumers into purchasing Defendant's goods and services." (ECF No. 14-2 at ¶¶ 46-47, 49.) Such representations, according to Plaintiff, "are likely to confuse or deceive a substantial segment of [Defendant's] audience" as to the affiliation, connection, or association with Plaintiff's family, some of whom are "recognizable figures within the automotive industry." (*Id.* at ¶ 48, 50.) By virtue of this familial lineage, Plaintiff contends that his family name carries a distinctive significance in commerce—particularly the historical Soriano automotive legacy. (*See id.* at ¶¶ 48, 50, 53); *see also Albert Furst von Thurn und Taxis v. Karl Prince von Thurn und Taxis*, No. 04 Civ. 6107 (DAB), 2006 WL 2289847, at *11 (S.D.N.Y. Aug. 8, 2006) (denying motion to dismiss the claim for false endorsement under § 43(a) where the complaint alleged that defendants have used the family name, mentioned the family history in advertisements, and displayed the family crest on websites for profit).

Further, the proposed amended complaint also sets forth a concrete factual scenario of

9

alleged consumer confusion. For example, through misrepresentations of genealogical fact, Plaintiff avers Defendant is "creating an association and affiliation in the minds of consumers between Plaintiff, Plaintiff's family, and Defendant, where one does not exist." (ECF No. 14-2 at ¶ 5.) A substantial segment of the target audience – e.g., investors or consumers interested in luxury electric motorcycles – could therefore reasonably believe that Soriano Motori is affiliated with the real Soriano family (the family of the Marqués de Ivanrey) and that Plaintiff or his relatives have approved or sponsored the venture. Taking these allegations as true, the Court finds that Plaintiff has plausibly alleged a likelihood of consumer confusion. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 109 (2d Cir. 2010) (finding the consumer confusion element was met where the amended complaint alleged defendants used a word or symbol for false representations of fact that was likely to deceive as to the sponsorship of approval of the goods by another person). Accordingly, Plaintiff's false endorsement claim under Section 43(a) of the Lanham Act is not futile.

### B. *Unjust Enrichment*

A cause of action for unjust enrichment under New York law requires a plaintiff to prove that "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011) (cleaned up) (citation omitted); *Amable v. New School*, 551 F.Supp.3d 299, 317-18 (S.D.N.Y. 2021) (citing *Briarpatch Ltd., L.P. v. Phoenix Picture, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). Here, Plaintiff maintains that Defendant made "false and misleading representations of fact in commercial advertisements to confuse or deceive a substantial segment of his audience" into believing Plaintiff's family has a connection with Defendant, that Plaintiff and/or his family are the origins of Defendant's goods

10

and services, or that Plaintiff and/or his family endorsed, sponsored, or approved these commercial activities. (*See* ECF No. 14-2 at ¶ 81.) Consequently, these actions caused "irreparable harm to his reputation, current and prospective business relationships, and goodwill with his industry professions and/or others." (*Id.* at ¶ 82.) "Allowing Defendant to retain the benefit associated with his false and misleading representations of fact would be unjust and contrary to equity and good conscience under the laws of New York." (*Id.* at ¶ 83.) Taking these allegations as true, and in light of Defendant's failure to meet its burden in establishing futility given the uncontested nature of the motion, Plaintiff's unjust enrichment claim is not futile. *See Kleeberg v. Eber*, 331 F.R.D 302, 322 (S.D.N.Y. 2019) (noting the proposed unjust enrichment claim was supported by factual support sufficient to survive a futility analysis).

### C. *Violations of the Right of Publicity Under the Laws of Spain for Actions within the United States*

Plaintiff seeks to include a new claim for violations of the right of publicity under the laws of Spain, citing Articles Four and Seven of Organic Law 1/1982 of 5 May. (*See* ECF No. 14-2 at pp. 23-24.) It is a fundamental principle that the laws of a foreign country have no extraterritorial effect in United States courts with respect to acts occurring in the United States and courts in this Circuit have long emphasized the territorial limits of foreign laws. *See Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 641 (2d Cir. 1956); *see also Majorica, S.A. v. Majorca Int'l, Ltd.*, 687 F. Supp. 92, 94 (S.D.N.Y. 1988) (stating that "[Plaintiff] has not identified any conflict between United States and Spanish law that must be resolved through choice of law analysis. The acts that gave rise to this case were committed solely within the United States; a conflicts issue does not arise simply because one of the plaintiffs is a Spanish domiciliary");

Defendant's alleged unauthorized use of the name Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey, took place in New York (ECF No. 14-2 at ¶¶ 7, 77), yet

11

Plaintiff, a foreign resident of Switzerland, asks this Court to apply a Spanish statute to redress that harm occurring in the United States. (ECF No. 14-2 at ¶¶ 6, 77, 85-89.) However, courts under similar circumstances will not address claims by a plaintiff seeking to apply foreign law for violations occurring in the United States. *See Majorica, S.A.*, 687 F. Supp. at 96 (stating no authority exists "that suggests a foreign national should be able to invoke its domestic law when suing in a United States court for relief from acts committed in the United States"); *see also Star Colbert v. Dougan*, 724 F. Supp. 3d 304, 317 (S.D.N.Y. 2024) (dismissing plaintiff's claim that defendants breached various articles of the Switzerland Code of Obligations after noting that plaintiff was not from the United States, the Swiss law made no reference nor established any connection to the United States, and proceeding in the foreign nation would more appropriately promote efficient litigation); *see also Benard Industries Inc. v. Bayer Aktiengesellschaft*, No. 95-1593-CIV-DAVIS, 1996 WL 218617, at *4 (S.D. Fla. Feb. 29, 1996) (dismissing plaintiff's claims based on "Central American States and El Salvador law because violation of El Salvador trademark law has no extraterritorial effect and does not support claims based on violation of the laws of the United States"); *Halo Creative & Design, Ltd. v. Comptoir Des Indes, Inc.*, 816 F.3d 1366, 1370 (Fed. Cir. 2016) ("Even in cases where predicate infringing acts occurred in the United States, the application of foreign [] law has remained an 'anomaly in the jurisprudence,' and the 'specter' of 'opening the floodgates to resolution in U.S. courts of cases alleging violation of other nations' [] laws . . . remains unrealized in practice, with rare exception.'") (citation omitted).

    Accordingly, Plaintiff's right of publicity claim under the Laws of Spanish is futile as pleaded. *See Majorica, S.A.*, 687 F. Supp. at 96 (denying motion to amend where plaintiff sought to add "a cause of action alleging violations of Spanish law based on acts committed in the

12

United States" because "it is not necessary to reach the issues of whether [plaintiff] has properly alleged facts sufficient to support a claim that defendants have violated Spanish law, for under the law of this Circuit the trademark laws of a foreign country have no extraterritorial effect and cannot be asserted to support federal claims in a United States district court").

Therefore, to the extent the proposed First Amended Complaint seeks to add violations of the right of publicity under the laws of Spain, that is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the complaint (ECF No. 14) is **GRANTED,** and Plaintiff is directed to file the First Amended Complaint as proposed however with the elimination of the claim for violation of the right of publicity under the laws of Spain, Articles Four and Seven of Organic Law 1/1982 of 5 May (*see* ECF No. 14-2 at pp. 23-24). The revised First Amended Complaint shall be filed on ECF on or before **December 5, 2025**.

Dated:   Central Islip, New York
         November 19, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

13