| | |
|---|---|
| FELIPE THOMAS Y DE LA GÁNDARA a/k/a FELIPE THOMAS Y DE LA GÁNDARA, 5TH MARQUÉS DE IVANREY<br><br>  Plaintiff,<br><br>  v.<br><br>MARCO ANTONIO SORIANO,<br><br>  Defendant. | Case No. 2:25-cv-02242-FB-JMW<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT

Felipe Thomas y de la Gándara, 5th Marqués de Ivanrey ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant Marco Antonio Soriano ("Defendant"), and alleges as follows:

## NATURE OF THE CASE

1.     This is an action for: (1) false endorsement and false advertising under Section 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1125(a); (2) cancellation of U.S. Trademark Registration No. 6,484,198; (3) unfair competition under New York common law; (4) deceptive acts and practices and false advertising under New York General Business Law §§ 349-350; (5) violations of New York Civil Rights Law §§ 50-51; and (6) unjust enrichment under New York common law.

2.     Plaintiff holds the Spanish nobility title, 5th Marqués de Ivanrey.  The Marqués de Ivanrey title was created by the Dowager Queen of Spain, María Cristina de Habsburgo-Lorena, on April 4, 1895, in favor of Fernando Soriano y Gaviria, senator for the province of Salamanca (1898-1909) and for life (1908-1923).

3.       Defendant is an individual with no relation to Plaintiff nor any of Plaintiff's ancestors or extended family, specifically including Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey; Fernando Soriano y Gaviria, 1st Marqués de Ivanrey; or the Hohenlohe family.  Defendant, however, is presenting himself as part of Plaintiff's immediate or distant family and is using this false association and false endorsement to sell electric motorcycles that are purportedly derived from the creations of Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey.  These false and misleading statements include using Plaintiff's family name without his consent and insinuating that Defendant holds a Spanish nobility title, the Marqués de Ivanrey, and/or is related to Plaintiff's Spanish nobility line.

4.       Defendant's false and misleading statements deceive consumers regarding the source and affiliation of Defendant's goods and services.  Defendant uses these statements while marketing himself as the leader of an organization called "The Soriano Family Office Group," claiming it "excel[s] in strategic negotiations, financial management, mergers, acquisitions and private equity venture."  Defendant also uses these false and misleading statements while marketing "Soriano Motori" as "an Italian lifestyle brand" who sells electric motorcycles.

5.       Defendant's actions against and towards Plaintiff and his family are deceptive to the public, harmful, and infringe upon Plaintiff's rights.  Defendant's false and misleading statements are creating an association and affiliation in the minds of consumers between Plaintiff, Plaintiff's family, and Defendant, where one does not exist.  This type of conduct causes damages, harms Plaintiff's business, violates Plaintiff's rights, and creates a likelihood of consumer confusion as to the source and affiliation of Defendant's goods and services.

## PARTIES

6. Plaintiff Felipe Thomas y de la Gándara, 5th Marqués de Ivanrey is an individual residing in Switzerland.

7. Upon information and belief, Defendant maintains a residence at 22 Jackson Pl, Massapequa, NY 11758.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

9. Defendant is subject to personal jurisdiction in the State of New York and in this Judicial District.

10. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff does not share a state of citizenship with Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1400 because Defendant resides in this district.

## ALLEGATIONS OF FACT

### *Plaintiff and His Family's Spanish Nobility*

12. Plaintiff holds the Spanish nobility title, 5th Marqués de Ivanrey.

13. The Marquéses de Ivanrey include:

a) Fernando Soriano y Gaviria, 1st Marqués de Ivanrey (deceased 1928);

b) Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey (deceased 1973);

c) Inés Soriano Blair, 3rd Marquesa de Ivanrey (deceased 1983);

d)  María de la Luz de la Gándara y Soriano, 4th Marquesa de Ivanrey (deceased 2021); and

e)  Felipe Thomas y de la Gándara, 5th Marqués de Ivanrey.

14.  Plaintiff was born May 14, 1973.

15.  Plaintiff is the direct descendant and heir of Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey, and Fernando Soriano y Gaviria, 1st Marqués de Ivanrey.

16.  Plaintiff is the founder and CEO of Ivanrey Entertainment Ltd., a company based in the United Kingdom that provides hospitality services and coordinates special events around the world.

### *Defendant's False and Misleading Statements*

17.  Defendant is an individual with no relation to: Plaintiff; Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey; Fernando Soriano y Gaviria, 1st Marqués de Ivanrey; or the Hohenlohe family.

18.  However, Defendant falsely and misleadingly presents himself as part of Plaintiff's immediate and/or distant family, including:

a)  Using the name von Scholtz und Hermensdorff associated with the name Soriano;

b)  Presenting himself as the grandson of Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey and/or as the great-grandson of Fernando Soriano y Gaviria, 1st Marqués de Ivanrey;

c)  Calling himself "Marco Antonio Soriano IV," which refers to the alleged fourth generation of Plaintiff's family, to which he does not belong; and

d)  Asserting a relation to the Hohenlohe family, through his alleged filiation through Plaintiff's great-grandfather.

19.     Defendant's parents are Mercedes Molina and Hugo Ruben Soriano Medina.  He is the grandson of Amando Marcelino Soriano Naranjo.

20.     However, Defendant has been misrepresenting his genealogical lineage and deceiving others into thinking that Defendant is a direct descendant of Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey and/or Fernando Soriano y Gaviria, 1st Marqués de Ivanrey.

21.     Defendant does not have any license, authorization, permission, or consent from Plaintiff to use Plaintiff's family name.

22.     Defendant's false and misleading statements insinuate that Defendant is also of Spanish nobility.  Defendant does not hold a Spanish nobility title.

23.     Defendant has published on his website and via social media numerous false and misleading representations of fact in relation to his goods and services.  The social media posts include references to Plaintiff's great-grandfather, Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey, and his great-great-grandfather, Fernando Soriano y Gaviria, 1st Marqués de Ivanrey.  The posts also reference the motorcycles, cars, and/or boats that Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey built or designed; and/or claim a false "legacy" in relation to the motorcycles, vehicles, and/or any other innovations that Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey built or designed.  Defendant also falsely touts that Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey and/or Fernando Soriano y Gaviria, 1st Marqués de Ivanrey created the Soriano Family Office Group—neither of whom did.

24.     For example, Defendant makes numerous false and misleading claims on his website: https://www.sorianomotori.com/marco_soriano_driving_innovation/ (attached as Exhibit

1). Defendant states that he "come[s] from a multi-generational Italian family steeped in history."

Ex. 1 at 1. Defendant also states:

> My family's roots are deep in history, and I'm proud to continue that legacy. The Soriano Family Office was founded by my grandfather, Ricardo Soriano, in 1939. He was a noble aristocrat and the Marqués de Ivanrey, and his vision shaped the family's trajectory for generations. He was also the founder of RACE and a key figure in promoting the Costa del Sol. My grandfather even created the first motorcycle brand in Spain — Soriano. I'm honored to build on that legacy today as I lead Soriano Motori Corp, a company that continues our family's tradition of innovation and excellence.
> . . .
> Soriano Motori is very special to me. It's an Italian lifestyle brand that's taken the heritage of my family's original motorcycle company and reimagined it for the electric era.

*Id.*

25. In another example, Defendant published the following YouTube video on October 7, 2022: https://www.youtube.com/watch?v=ULoFV56xKrE. *See* Exhibit 2. The YouTube video is titled: "The Soriano Group: An international success story." The video's caption reads: "Beyond the Pages: Through Covid and beyond....Entering a second century of global leadership....Beryl Wajsman with Marco Antonio Soriano IV, Chairman of the The Soriano Group, a world leader in leisure, resorts, motoring and fashion." *Id.*

26. A Facebook reel published by Defendant is also exemplary: https://www.facebook.com/reel/912485947685817. *See* Exhibit 3. The Facebook reel's caption states:

> Marco Antonio Soriano IV, leader of The Soriano Family Office Group, is known for his entrepreneurial ventures and commitment to innovation. While specific details about his direct involvement in charitable activities are limited, his family's legacy includes contributions to public service and the arts. For instance, his great-grandfather, Fernando A. Soriano, the Marquis of Ivanrey I, was honored for his significant work in the arts and other contributions beyond his political career. Additionally, Marco Soriano has expressed ideals of serving the public interest and working with

others to make better decisions, indicating a commitment to societal
well-being.

*Id.*

27.    Defendant has also authorized the publication of numerous false and misleading representations of fact in relation to his goods and services.

28.    For example, the following article, titled "Soriano Motori salta de las motos a los coches y las bicis eléctricas," was published on October 14, 2023: https://www.elmundo.es/motor/2023/10/14/652a2838e9cf4a55788b4591.html.    *See* Exhibit 4. The El Mundo article is originally written in Spanish.  The English translation[1] of the title is: "Soriano Motori jumps from motorcycles to cars and electric bikes."  *See id.* at 1.  The article features a photograph with a caption, and the English translation of the caption states: "Marco Antonio Soriano IV posed together with the Soriano V1 Giaguaro."  *See id.*  In addition, the article's English translation states in part:

> The company was named after its founder, Ricardo Soriano Scholtz von Hermensdorff.  Second Marquis of Ivanrey, this billionaire, adventurer and visionary[,] [h]e took on businesses of all kinds and ended up retiring to Marbella, where he died in 1973 after having contributed to the real estate and tourism boom on the Costa del Sol.
>
> FIRST, THE MOTORCYCLES
>
> But first, he had time to create a conglomerate of companies (Soriano Group) with interests in multiple businesses, ranging from hotels to advice or investment in start-ups.  In charge of the financial and strategic part is his grandson, Marco Antonio Soriano IV, who tells EL MUNDO that the 100 units that they estimated to manufacture of the first of the models that they launched and that have already been sold, can be transformed into 500 or 1,000 in the coming months.

*See id.* at 2.

---

[1] Each English translation in this Complaint was created using Google Translate.

29.     In another example, the following article, titled "Moto électrique Soriano Motori Giaguaro," was published on June 8, 2020: www.lerepairedesmotards.com/actualites/2020/moto-electrique-soriano-motori-giaguaro.php.  *See* Exhibit 5.  The Le Repaire des Motards article is originally written in French.  The English translation of the title is: "Electric motorcycle Soriano Motori Giaguaro."  *See id.* at 1.  The English translation of the article states in part: "Soriano is a Spanish brand founded in 1941 by engineer Ricardo Soriano in Madrid, which manufactured motorcycles and cars."  *See id.*

30.     Another misleading article, titled "Soriano Motori Unveils Electric Sportbikes," was published on July 8, 2020:  https://www.cycleworld.com/story/motorcycle-news/2021-soriano-motori-v1r/.  *See* Exhibit 6.  The Cycle World article states in part: "The old Spanish marque previously known as R.Soriano SA was founded in Madrid by Ricardo Soriano Hermensdorff von Scholtz, a bona fide marquis who also happened to be a pretty handy engineer."  *Id* at 3.

31.     The following article, titled "Soriano Motori, las eléctricas italianas diferentes," is also exemplary of Defendant's authorization of false and misleading statements; it was published on December 11, 2021:  https://motor.elpais.com/motos/soriano-motori-electricas-italianas-diferentes/.  *See* Exhibit 7.  The El Motor article was originally written in Spanish.  The English translation of the title is "Soriano Motori, the different Italian electric companies."  *See id.* at 1.  The English translation of the article states in part: "That is what Marco Antonio Soriano intends to do with Soriano Motori, a motorcycle brand founded in 1939 by his grandfather Ricardo, nobleman, aristocrat and Marquis of Ivanrey."  *See id.* at 2.

32.     Another example is Exhibit 8, an article published on June 10, 2020: https://www.go2roues.com/actualites/soriano-motori/.  The article is titled "Le comeback de

Soriano Motori sera électrique !"  The SAS GO2ROUES article is originally written in French.

The English translation of the title is "Soriano Motori's comeback will be electric!"  *See id.* at 1.

The English translation of the article states in part:

> At the origin of this adventure, two men: Ricardo Soriano, a Spanish engineer who built high-performance engines for cars and boats, and Manuel Giró, founder of the company Ossa Engineering, which cooperated on Soriano's engines.  Unfortunately, their story will be short-lived.  In fact, they had to put an end to their production in the 1950s.
>
> 60 years later, Italian investor Marco Soriano – the relationship with Ricardo Soriano remains unclear – decided to revive the brand.  Soriano Motori is therefore "naturalized" Italian.

*See id.* at 2.

33.    Another misleading article, titled "Soriano: la icónica marca española de los años 30 vuelve," was published on February 10, 2024:  https://www.abc.es/motor/motos/soriano-iconica-marca-espanola-anos-vuelve-20240209143900-nt.html.  *See* Exhibit 9.  The ABC article is originally written in Spanish.  The English translation of the title states: "Soriano: the iconic Spanish brand from the 1930s returns."  *See id.* at 1.  The article's English translation states in part:

> Marco Antonio Soriano IV has announced its arrival in Spain between the third and fourth quarters of 2024, reinventing the legendary Spanish brand from the 1930s in a premium electric format, in addition to creating a universe in line with a lifestyle based on different verticals such as electric bicycles, fashion, lifestyle, metaverse or gaming.
>
> His great-grandfather, Fernando Sorianoy Gavira, first Marquis of Ivanrey, was a banker, senator for life for Salamanca, deputy of the Cortes and co-founder of the Ritz Hotel.  His grandfather, the aristocrat Ricardo Soriano y Scholtz von Hermensdorff, was the founder of RACE and the first promoter of the Costa del Sol.

*See id.* at 2.

34.     The following article, titled "Soriano Motori nos presenta en Madrid su amplia propuesta, moto incluida," is an additional example of Defendant's authorization of false and misleading statements and was published on June 1, 2023: https://www.autonocion.com/soriano-motori-nos-presenta-en-madrid-su-amplia-propuesta-moto-incluida/.     *See* Exhibit 10.     The Autonoción article is originally written in Spanish.  The English translation of the title is "Soriano Motori presents us in Madrid with its extensive proposal, motorcycle included."  *See id.* at 1.  The article's English translation states in part:

> If the name of Soriano Motori (https://www.sorianomotori.com/es/) sounds familiar to you, surely it will be because we are talking about the rebirth of a historical European brand.  Do you remember the SorianoTigre?  It was the most successful motorcycle of the historic brand and was produced in Madrid in 1939.  It has rained a lot since then, but the firm is back with [an] interesting proposal for fashion, motorcycles and lifestyle.
>
> Yes, the historic motorcycle brand Soriano Motori has been reborn to continue its legacy of more than 120 years of history, but it does not do so only with vehicles.  This company chose the "MandarinOriental Ritz, Madrid", a very special location for the company due to its family ties, to present to us this week its fashion collection, its electric motorcycle and the wide Soriano World.
>
> Soriano Motori's goal is to develop a global movement through a unique lifestyle.  In the family's DNA is a firm commitment to the avant-garde, along with the desire to break the rules to create something new.    Marco  Antonio  Soriano  Scholtz  von Hemmersdorff, CEO of Soriano Motori, wants to leave his mark and bet on innovation, just like his grandfather Ricardo Soriano did.

*See id.* at 1-3.  The article also features a photograph with a caption, and the English translation of the caption is: "The well-known nobleman and aristocrat Ricardo Soriano was one of the founders of the Ritz Hotel in Madrid."  *See id.* at 2.

35.     In another example, the following article, titled "Soriano, el regreso de un mito motociclista," was published on April 5, 2024:  https://www.larazon.es/motor/soriano-regreso-mito-motociclista_20240405660fb4215e1b1f00012cb47c.html.  *See* Exhibit 11.  The La Razón

article is originally written in Spanish. The English translation of the title is "Soriano, the return of a motorcycling myth." *See id.* at 1. The article's English translation states in part:

> Marco Antonio has a dream and he is going to make it come true. Continue, now in the 21st century, the work of his grandfather Ricardo Soriano who, in the 1930s, created his own brand of motorcycles. And in 1942 he was the precursor of a type of motorcycle that would prevail in the urban environment, creating the first "scooter" that would later become popular with other brands such as Vespa or Lambretta.

*See id.* at 1-2.

36. The following article, titled "Las motocicletas Soriano regresan como eléctricas," was published on November 9, 2020 and is exemplary of Defendant's false and misleading statements: https://www.elmundo.es/motor/2020/11/08/5fa85fbdfc6c83d6278b4571.html. *See* Exhibit 12. The El Mundo article is originally written in Spanish. The English translation of the title is "Soriano motorcycles return as electric." *See id.* at 1. The article's English translation states in part:

> Active between 1941 and 1954, R.Soriano was the first company to mass-produce motorcycles in Spain. Above all, small wheel models like the Puma or the Lince that became very popular - more than 6,000 units were made - but also scooters and motorcycles. The company was named after its founder, Ricardo Soriano Scholtz von Hermensdorff. Second Marquis of Ivanrey, this billionaire, adventurer and visionary took on businesses of all kinds and ended up retiring to Marbella, where he died in 1973 after having contributed to the real estate and tourism boom on the Costa del Sol.

*See id.*

37. In another example, the following article, titled "Soriano Motori, i 'nobili' delle moto elettriche stanno arrivando," was published on October 15, 2021: https://www.motorbox.com/moto/magazine-moto/moto-novita/soriano-motori-chi-sono-i-nobili-moto-elettriche. *See* Exhibit 13. The Motorbox article is originally written in Italian. The

Motorbox article's title in English is "Soriano Motori, the 'nobles' of electric motorbikes are arriving." *See id.* at 1. The Motorbox article's English translation states in part:

> THE SORIANO FAMILY The story goes that in 1903 the engineer Ricardo Soriano designed an internal combustion engine for motorcycles that was "definitely cutting edge for the times that were". After a pause for reflection, in which the Soriano family diversified its investments - consolidating the main business especially in the financial sector - the third generation of the noble dynasty, in the figure of Marco Antonio Soriano IV, decided to restore prestige to the historic coat of arms, created by his grandfather Ricardo.

*See id* at 2.

38. As recently as August 18, 2025, Defendant made similar misrepresentations in a summit that took place in Water Mill, NY. Press covering this event quotes Soriano as:

> In his session Powering the Future: Marco Antonio Soriano on EV Innovation, U.S. Manufacturing, and Market Evolution (August 27, 2025, at 11:30 am), Soriano will dive into the rapidly evolving landscape of electric mobility. As the leader of Soriano Motori Corp, a brand renowned for blending Italian design heritage with cutting-edge EV technology, Soriano will share how The Soriano Group is driving innovation in the U.S. manufacturing sector.

> Drawing from his family's legacy—rooted in the creation of Spain's first motorcycle brand by his grandfather, Ricardo Soriano, in 1939—Soriano will discuss the strategic revival of Soriano Motori as a leader in electric motorcycles and sustainable mobility. Attendees can expect insights into how his firm is leveraging AI, blockchain, and sustainable practices to shape the future of transportation. "E-mobility is at the heart of our plans," Soriano stated in a recent interview with Crain Currency. "We're working on electric motorcycles, scooters, bicycles, and beyond, all while prioritizing sustainability."

> Soriano will also highlight The Soriano Group's €30 million capital raise to fuel expansion in the U.S. and Spain, emphasizing the role of family offices in supporting scalable, eco-conscious ventures. His presentation will address market trends, technological advancements, and the economic impact of revitalizing U.S. manufacturing through EV innovation.

> Mastering Relationship Management in Family Offices

In his second session, When Business is Personal: Mastering Relationship Management in Family Offices (August 27, 2025, at 8:45 am), Soriano will explore the human side of wealth management. As a fourth-generation leader of The Soriano Group, he brings a unique perspective on fostering trust and collaboration across generations and stakeholders. This panel, moderated by Lindsey Sichel Rubinstein of FBE, will feature Soriano alongside other industry leaders, including Robert Cocuzzo of Jackson Point Publishing and Richard Zimmerman of WE Family Offices.

https://opalgroup.net/conference/family-office-private-wealth-legacy-summit-2025/. In that same article, he invites those interested in his business to follow him on X using the hashtag #SorianoLegacy. Doing so reveals his use of the Marquis_de_Ivanrey explicitly:



39.     Upon information and belief, Defendant's actions are improper because, *inter alia*, consumers are misled to believe that Defendant's goods and services are associated with Plaintiff and Plaintiff's family, where no association exists.

40.   Upon information and belief, Defendant's wrongful conduct causes damages, harms Plaintiff's business, violates Plaintiff's rights, and creates a likelihood of consumer confusion as to the source and affiliation of Defendant's goods and services.

41.   Upon information and belief, Defendant seeks commercial gain and to profit from his deceptive and misleading statements.

42.   On March 10, 2025, Plaintiff served Defendant a Cease and Desist Demand Letter, attached as Exhibit 14, demanding that Defendant immediately cease and desist all impersonation and deceptive activities against and towards Plaintiff and his family.  The letter explained that Defendant's actions against and towards Plaintiff are deceptive to the public, are harmful, and infringe upon Plaintiff's rights.  *Id.* at 2.  Defendant was put on notice that Plaintiff was contemplating further legal action against Defendant.  *Id.*

43.   Exhibit 15 is the correspondence from Defendant's counsel to Plaintiff's counsel, acknowledging receipt of the March 10, 2025, Cease and Desist Demand Letter.

44.   Despite this, Defendant's deceptive practices persist.

<u>**COUNT I**</u>
**FALSE ENDORSEMENT & FALSE ADVERTISING**
**LANHAM ACT SECTION 43(A)**

45.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

46.   Defendant has made false and misleading representations of fact in commercial advertisements to create an affiliation with Plaintiff and his family, namely, Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey and/or Fernando Soriano y Gaviria, 1st Marqués de Ivanrey, claiming that Plaintiff and his family have endorsed, sponsored, or otherwise approved Plaintiff's goods and services, when they have not, and Defendant has caused these statements to enter into interstate commerce.

14

47.     Defendant has made false and misleading representations of fact knowing they were false and misleading and in bad faith.  Defendant's statements misrepresent his genealogical lineage and deceive others into thinking that Defendant is a direct descendant of Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey and/or Fernando Soriano y Gaviria, 1st Marqués de Ivanrey.  Defendant misrepresents himself as part of Plaintiff's immediate or distant family, and Defendant relies on those false representations to create an affiliation, connection, or association with Plaintiff and his family for the purpose of inducing consumers into purchasing Defendant's goods and services.

48.     Defendant's false and misleading representations of fact are likely to confuse or deceive a substantial segment of his audience into erroneously believing that (1) Plaintiff and/or his family have an affiliation, connection, or association with Defendant, when they do not, (2) that Plaintiff and/or his family are the origin of Defendant's goods and services, when they are not, or (3) that Plaintiff and/or his family have endorsed, sponsored, or approved of Defendant's commercial activities, when they have not.

49.     Defendant's false and misleading representations of fact have been used in Defendant's commercial advertising and promotional materials to misrepresent the nature, characteristics, qualities, or geographic origins of Defendant's goods and services.

50.     Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey, and Fernando Soriano y Gaviria, 1st Marqués de Ivanrey, are recognizable figures within the automotive industry.

51.     As the direct descendant and heir of Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey, and Fernando Soriano y Gaviria, 1st Marqués de Ivanrey Plaintiff has the legal authority to enforce any and all rights that have attached to the personas of

Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey, and Fernando Soriano y Gaviria, 1st Marqués de Ivanrey.

52.     Upon information and belief, Defendant's false and misleading representations of fact have a tendency to harm, have harmed, and will continue to harm Plaintiff and his business relationships, the conduct of his business, and his ability to enter into sales and business relationships.

53.     Upon information and belief, Plaintiff has been and is likely to be injured as a result of Defendant's false and misleading representations of fact, either by direct diversion of sales or by a lessening of the goodwill associated with Plaintiff's business.  Plaintiff is and has been irreparably damaged in his business or property by Defendant's false and misleading representations of fact, and unless Defendant's false and misleading representations are enjoined by this Court, Plaintiff will continue to suffer monetary damage, market price erosion, loss of market share, lost sales, and/or irreparable harm to his reputation, relationships, and goodwill with his customers, vendors, distributors, industry professionals, and/or others.

54.     Defendant's false and misleading representations of fact, false advertisements, and false endorsements rise to the level of "exceptional" within the meaning of 15 U.S.C. § 1117(a) and justify an award to Plaintiff of his reasonable attorney's fees and increased damages up to trebling.

55.     Defendant's false and misleading representations of fact, as set forth above, constitute unfair competition, false endorsement, and false advertising in violation of 15 U.S.C. § 1125(a).

56. Defendant's conduct is causing irreparable injury to Plaintiff and his family's goodwill and reputation, and will continue to damage Plaintiff and his family and to deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

<u>**COUNT II**</u>
**CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 6,484,198**

57. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

58. Defendant's U.S. Trademark Registration No. 6,484,198, covering the mark S M



& Design, (the "S M & Design Mark"), is invalid, unenforceable, and subject to cancellation because it was procured through fraud.

59. During prosecution of the application for the S M & Design Mark, Defendant knowingly submitted a declaration (attached as Exhibit 16) stating under oath, in part, "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." *Id.* at 5. However, Defendant knew at the time that his representations of fact regarding his alleged affiliation, connection, or association with Plaintiff's family and its internationally recognized history in the motor industry was false, and these misrepresentations were intended to deceive the United States Patent and Trademark Office and consumers into believing Defendant's products come from a heritage of Spanish nobility, when they do not. Thus, Defendant submitted this declaration to deceive the United States Patent and Trademark Office and procure a federal trademark registration.

60.     Further evidence of Defendant's intentional deception may be found in the prosecution history for Defendant's since-abandoned U.S. Trademark Application Serial No. 88/883,720 for the word mark SORIANO MOTORI.  In a January 21, 2021 response to an Office Action (attached as Exhibit 17), Defendant knowingly and falsely claims an association with Plaintiff's family: "As shown, <u>the Soriano family and, by extension, the Applicant, has a long and internationally recognized history in the motor industry</u> – in the context of electric vehicles, outboard motors, racing, and related areas of industry.  This history dates back to the turn of the 20th century when in 1919 Ricardo Soriano gained notoriety as an inventor of racing motors that performed at a superior level.  Throughout the 21st century, the brand has been associated with stylish moto vehicles."  *Id.* at 10 (emphasis added).

61.     Defendant made false and misleading representations of fact with the intent to cause confusion, mistake, and to deceive the United States Patent and Trademark Office and consumers into erroneously believing that (1) Plaintiff and/or his family have an affiliation, connection, or association with Defendant, when they do not, (2) that Plaintiff and/or his family are the origin of Defendant's goods and services, when they are not, or (3) that Plaintiff and/or his family have endorsed, sponsored, or approved of Defendant's commercial activities, when they have not.

62.     The statements were material because the United States Patent and Trademark Office relied on such statements and the S M & Design Mark would not have registered if not for Defendant's false and deceptive statements during prosecution of the trademark application.

63.     Plaintiff is and will continue to be damaged by the continued registration of Defendant's S M & Design Mark.

64.     Plaintiff requests that this Court exercise its power under 15 U.S.C. § 1119 to order the Director of the United States Patent and Trademark Office to cancel U.S. Registration No. 6,484,198 for the S M & Design Mark.

## COUNT III
## UNFAIR COMPETITION
## NEW YORK COMMON LAW

65.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

66.     Defendant has made false and misleading representations of fact in commercial advertisements to actual and/or potential customers of Plaintiff and/or his family regarding Defendant's genealogical lineage and the source of Plaintiff's goods and services, and Defendant has caused these statements to enter into interstate commerce.

67.     Defendant made these false and misleading representations of fact to consumers knowing they were false and misleading and were therefore made in bad faith.  These statements include those alleged above regarding the Soriano Family Office Group and the motorcycles, cars, and/or boats that Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey built or designed.  Defendant's statements misrepresent his genealogical lineage and deceive others into thinking that Defendant is a direct descendant of Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey and/or Fernando Soriano y Gaviria, 1st Marqués de Ivanrey.  Defendant misrepresents himself to the public as part of Plaintiff's immediate or distant family to induce consumers into purchasing Defendant's goods and services.

68.     Defendant's false representations of fact are dishonest, fraudulent, unethical and misleading, and they are likely to confuse or deceive a substantial segment of his audience. This deception is material, in that it is likely to influence the purchasing decisions of consumers,

influence press coverage, influence prospective investors and harm the reputation and goodwill of Plaintiff.

69.     Defendant's false and misleading representations of fact have occurred in the conduct of commerce and have had and, unless enjoined by this Court, will continue to have an impact on the public's perception of Plaintiff's business and family heritage.

70.     Upon information and belief, Defendant's false and misleading representations of fact have a tendency to harm, have harmed, and will continue to harm Plaintiff.

71.     Upon information and belief, Plaintiff has been and is likely to be injured as a result of Defendant's bad faith and false representations of fact because Defendant is creating a likelihood of consumer confusion and/or creating a false association, connection, or affiliation between Defendant and Plaintiff.  Plaintiff is and has been irreparably damaged by Defendant's false and misleading representations of fact, and unless Defendant's false and misleading representations of fact are enjoined by this Court, Plaintiff will continue to suffer irreparable harm to his reputation, current and prospective business relationships, and goodwill with his industry professionals and/or others.

### COUNT IV
**DECEPTIVE ACTS AND PRACTICES AND FALSE ADVERTISING**
**NEW YORK GENERAL BUSINESS LAW §§ 349-350**

72.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

73.     Defendant's representations to consumers, including those in advertisements, are false and materially misleading; these statements include those alleged above regarding the Soriano Family Office Group and the motorcycles, cars, and/or boats that Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey built or designed.  Defendant's statements misrepresent his genealogical lineage and deceive others into thinking that Defendant is a direct

descendant of Ricardo Soriano von Scholtz und Hermensdorff, 2nd Marqués de Ivanrey and/or Fernando Soriano y Gaviria, 1st Marqués de Ivanrey, when he is not. Defendant misrepresents himself to the public as part of Plaintiff's immediate or distant family.

74. Defendant's false and misleading representations of fact have and continue to deceive and mislead the public in the conduct of Defendant's business, trade or commerce.

75. Upon information and belief, Plaintiff has been and is likely to be injured as a result of the false and misleading statements, either by direct diversion of sales or by a lessening of the reputation and goodwill associated with his name. Plaintiff is and has been irreparably damaged by Defendant's false and misleading statements, and unless Defendant's false and misleading statements are enjoined by this Court, Plaintiff will continue to suffer monetary damage, market price erosion, loss of market share, lost sales, and/or irreparable harm to his reputation, relationships, and goodwill with his customers, vendors, distributors, industry professionals, and/or others.

## COUNT V
## VIOLATION OF RIGHT OF PRIVACY
## NEW YORK CIVIL RIGHTS LAW §§ 50-51

76. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

77. Defendant has, for purposes of advertising and/or trade, used Plaintiff's family name and Spanish nobility title—Marqués de Ivanrey—without his written consent, within the state of New York.

78. Taken as a whole, Defendant's false and misleading representations of fact in commercial advertisements, including Defendant's use of the Spanish nobility title Marqués de

Ivanrey and references to Plaintiff's family's coat of arms, identify Plaintiff in the minds of the public.

79.     Plaintiff is entitled to actual and exemplary damages, as well as injunctive relief, by virtue of Section 51 of the Civil Right Law of New York.

<u>COUNT VI</u>
**UNJUST ENRICHMENT**
**NEW YORK COMMON LAW**

80.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

81.     Defendant has made false and misleading representations of fact in commercial advertisements to confuse or deceive a substantial segment of his audience into erroneously believing that (1) Plaintiff and/or his family have an affiliation, connection, or association with Defendant, when they do not, (2) that Plaintiff and/or his family are the origin of Defendant's goods and services, when they are not, or (3) that Plaintiff and/or his family have endorsed, sponsored, or approved of Defendant's commercial activities, when they have not.  Defendant's misrepresentations are intended to induce consumers into purchasing Defendant's and services, resulting in Defendant being unjustly enriched.

82.     Defendant's false and misleading representations of fact have been made at the expense of Plaintiff.  Plaintiff has been and is likely to be injured as a result of Defendant's false representations of fact by creating a likelihood consumer confusion and/or creating a false association, connection, or affiliation between Defendant and Plaintiff.  Plaintiff is and has been irreparably damaged by Defendant's false and misleading representations of fact, and unless Defendant's false and misleading representations of fact are enjoined by this Court, Plaintiff will

continue to suffer irreparable harm to his reputation, current and prospective business relationships, and goodwill with his industry professionals and/or others.

83.     Allowing Defendant to retain the benefit associated with his false and misleading representations of fact would be unjust and contrary to equity and good conscience under the laws of New York.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully seeks judgment in their favor on all counts of this Complaint and the following relief:

A.     General, special, actual, compensatory, treble, punitive and/or statutory damages as may be found, or as otherwise permitted by law;

B.     Disgorgement of any unlawful profits obtained by Defendant through the aforementioned acts, under equity or as a substitute measure for damages;

C.     Preliminary and permanent injunction prohibiting Defendant, and his agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's rights;

D.     This Court's order pursuant to 15 U.S.C. § 1119 that the Director of the United States Patent and Trademark Office cancel U.S. Registration No. 6,484,198 for the S M & Design Mark;

E.     Prejudgment interest according to law;

F.     Plaintiff's attorneys' fees, costs, and disbursements in this action; and

G.     Any and all such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 21, 2025

By: /s/ Anne Elise Herold Li
Anne Elise Herold Li
BROWNSTEIN HYATT FARBER SCHRECK LLP
  75 Rockefeller Plaza
  Suite 2600B
  New York, NY 10019
  (212) 576-1217
  ali@bhfs.com

*Counsel for Plaintiff, Felipe Thomas y de la Gándara, 5th Marqués de Ivanrey*